Filed 9/7/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SABRINA ARANDA,<br><br>    Defendant and Appellant. | G061394<br><br>(Super. Ct. No. 21CF2274)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael A. Leversen, Judge. Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Sabrina Aranda was charged with possession of a controlled substance in a correctional facility. During jury selection, the People exercised a challenge for cause against a prospective juror who admitted she would hold police officers to a higher standard of credibility than other witnesses. Aranda objected to the challenge, but the trial court overruled her objection. The jury convicted Aranda, and this appeal followed.

Aranda argues that the People's challenge for cause during jury selection was based on the juror's general distrust of police officers, that this is a presumptively invalid reason to challenge a juror under Code of Civil Procedure section 231.7 (section 231.7), and that the trial court prejudicially erred when it overruled her objection to the challenge. This argument fails because section 231.7 applies only to peremptory challenges, not challenges for cause. We therefore affirm the judgment.

**FACTS**

In December 2018, an Orange County Sheriff's Department correctional services assistant was stationed as a guard at the Central Women's Jail in Santa Ana when she saw an inmate take something from her pants and pass it to Aranda, who in turn put it in her own pants. Deputies searched inmate Aranda and found 59 grams of methamphetamine. Aranda was charged with possession of a controlled substance in a correctional facility (Pen. Code, § 4573.6), among other charges.

During voir dire, prospective Juror No. 134 (Juror 134) shared that her husband had bad experiences with the court system. When asked if she would give a police officer's testimony "a leg up," she responded, "I try to believe they don't know everything." Juror 134 later commented that when assessing witness credibility, she would be more critical of police officers, hold them to a higher standard in terms of credibility, and scrutinize them more than she would a layperson.

The People challenged Juror 134 for cause. Defense counsel objected, asserting that under recent changes to the law, distrust of law enforcement is a

presumptively invalid reason to challenge a juror. The trial court overruled the objection and excused Juror 134.

The jury convicted Aranda of possession of a controlled substance in a correctional facility, and the trial court imposed the upper term of four years. Aranda filed a notice of appeal.

## DISCUSSION

Aranda's sole contention on appeal is that the trial court prejudicially erred in overruling her objection to the prosecution's challenge for cause of Juror 134. In support of this argument, Aranda relies on recently enacted section 231.7, [1] which took effect in January 2021 and provides that a "peremptory challenge" based on a prospective juror's "[e]xpressing a distrust of or having a negative experience with law enforcement or the criminal legal system" (*id.*, subd. (e)(1)) is "presumed to be invalid unless the party exercising the peremptory challenge" can make a certain evidentiary showing (*id.*, subd. (e)). According to Aranda, the prosecution's challenge for cause of Juror 134 was presumptively invalid under section 231.7.

We disagree. On its face, section 231.7 applies only to peremptory challenges, not challenges for cause. Indeed, the term "peremptory challenge" is used

---

[1] Section 231.7 "creates new procedures for identifying unlawful discrimination in the use of peremptory challenges. [¶] Under section 231.7, the party objecting to the peremptory challenge is no longer required to make a prima facie showing of racial discrimination. Instead, 'upon objection to the exercise of a peremptory challenge pursuant to [section 231.7],' the party exercising the peremptory challenge must state the reasons for exercising the challenge. (§ 231.7, subd. (c).) Also, certain reasons for a peremptory challenge are presumptively invalid under section 231.7 unless rebutted by clear and convincing evidence that they are unrelated to the prospective juror's perceived membership in a protected group and that the reasons bear on the juror's ability to be fair and impartial. (§ 231.7, subd. (e).) Those presumptively invalid reasons include the prospective juror having a negative experience with law enforcement or having a close relationship with someone who has been convicted of a crime. (§ 231.7, subd. (e)(1), (3).)" (*People v. Jaime* (2023) 91 Cal.App.5th 941, 943, fn. omitted.)

3

25 times throughout the statute. By comparison, the statute's only mention of challenges for cause is found in subdivision (*l*): "It is the intent of the Legislature that enactment of this section shall not, in purpose or effect, lower the standard for judging challenges for cause or expand use of challenges for cause."

Aranda asks us to ignore the statute's plain language, asserting that limiting the statute to peremptory challenges "would be contrary to the Legislature's intent." In support, she refers us to various excerpts of section 231.7's legislative history that discuss its potential application to both peremptory challenges and challenges for cause. (See, e.g., Sen. Com. on Public Safety Analysis of Assem. Bill No. 3070, (2019-2020 Reg. Sess.) Aug. 5, 2020, p. 4 ["*This bill* provides that a party or the trial court on its own motion may object to the improper use of a peremptory challenge or the use of a challenge for cause"].) Aranda concedes, however, that the final version of the statute omits any references to challenges for cause.

In this case, we need not refer to the legislative history to determine what the Legislature's intent was in enacting section 231.7. When interpreting a statute, "[w]e begin with the statutory language, which is usually the most reliable indicator of legislative intent," and "if that language is susceptible of only one meaning, '"we presume the Legislature meant what it said, and the plain meaning of the statute controls."'" (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1045.) We consider legislative history only if the statutory language is reasonably subject to more than one interpretation. (*Id.* at p. 1046.)

The language of section 231.7 is clear: it applies only to peremptory challenges. We therefore need not consider prior drafts of the statute, nor may we construct section 231.7 in a way that conflicts with its plain language. To do so would run afoul of well-established rules of statutory construction. Because the prosecution challenged Juror 134 for cause and not with a peremptory challenge, section 231.7 does not apply.

4

## DISPOSITION

The judgment is affirmed.

GOETHALS, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

SANCHEZ, J.